UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21741-DAMIAN

CITY OF MIAMI,

    Plaintiff,

vs.

NEW YORK MARINE AND GENERAL
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

THIS CAUSE is before the Court on Defendant, New York Marine and General Insurance Company's ("NYM" or "Defendant"), Motion to Dismiss Count I for Declaratory Judgment and Count III for Statutory Bad Faith of Plaintiff, the City of Miami's (the "City" or "Plaintiff"), Complaint filed June 15, 2022 (the "Motion to Dismiss"). [ECF No. 6].[1]

THE COURT has considered the Motion to Dismiss, the parties' memoranda [ECF Nos. 7 and 8], and the pertinent portions of the record and relevant legal authorities. The Court also heard from the parties, through counsel, at a hearing held September 27, 2022, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Dismiss [ECF No. 6] is granted in part and denied in part.

Initially, the Court notes that during the September 27, 2022, hearing, Plaintiff's counsel informed the Court that Plaintiff has decided to voluntarily dismiss without prejudice

---

[1] This matter is referred to the undersigned pursuant to the parties' Consent to Proceed Before United States Magistrate Judge, [ECF No. 9], and Order of Reference to Magistrate Judge for All Proceedings Upon Consent of the Parties entered by the Honorable James Lawrence King, United States District Judge. [ECF No. 10]. *See* 28 U.S.C. § 636(c).

Count II of the Complaint, alleging breach of contract. Defendant's counsel represented that it has no objection to the dismissal without prejudice of Count II. Accordingly, based on the representations of the parties, and noting no opposition from Defendant, Plaintiff's *ore tenus* motion to voluntarily dismiss Count II is granted, and Count II of the Complaint is dismissed without prejudice. In light of the fact that Defendant's sole basis for seeking dismissal of Count I of the Complaint is that Count I is duplicative of Count II, Defendant's argument on this point is now moot.

The Court then turns to Defendant's Motion insofar as it seeks dismissal of Count III of the Complaint, alleging statutory bad faith.

### I.     BACKGROUND

This action involves a coverage dispute over an excess workers' compensation and employer liability insurance policy.

#### A.     *Factual Allegations*

For purposes of ruling on the Motion to Dismiss, the Court accepts the following facts alleged in the Complaint and contained in the exhibits as true. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

In October 2013, NYM and the City entered into a Specific Excess & Aggregate Excess Workers Compensation and Employers Liability Indemnity Policy (No. WC2013EPP00147) with a policy period of October 26, 2013 to October 26, 2014 (the "Policy"). [ECF No. 1-1 ("Complaint") at ¶¶ 8, 12]. Under the Policy, NYM agreed to provide coverage for any loss the City incurred above a specified amount owing to an employee's bodily injury caused by an accident, disease, or cumulative injury. *Id.* at ¶ 9. The City had to incur $1,000,000, the

Policy's retention requirement, for each employee before the Policy's excess coverage kicked in. *Id.* at ¶ 10.

According to the allegations in the Complaint, on September 21, 2014, a City of Miami police officer, whose name is abbreviated in the Complaint as "WBS", was diagnosed during his years of service with atrial fibrillation stemming from hypertension or heart disease, which was previously diagnosed, and he was deemed disabled. *Id.* at ¶¶ 13–21. As the City asserts, under Florida law, WBS was entitled to the presumption of work relatedness pursuant to Section 112.18(1), Florida Statutes, due to his diagnosis and status as a police officer. *Id.* at ¶ 16. Under the Policy, WBS's September 21, 2014, disabling event (*i.e.*, hypertension, renal failure, and heart disease) qualified for coverage and occurred during the policy period. *Id.* at ¶¶ 23–26. The City alleges it paid in excess of $1,600,000 for WBS's workers' compensation claim stemming from the September 21, 2014, disabling event. *Id.* at ¶ 27. The City further alleges that it demanded coverage for its losses under the Policy but that NYM denied coverage and refused to indemnify or reimburse the City. *Id.* at ¶¶ 28–29.

B. *Procedural Background*

On June 10, 2021, the City filed a Complaint against NYM in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, asserting claims for declaratory judgment[2] (Count I), breach of contract (Count II), and statutory bad faith under

---

[2] Because the City's Complaint was removed from state court, this Court will proceed with the presumption that the City brought Count I under Florida's Declaratory Judgment Act, Fla. Stat. § 86.021, which provides for a judicial declaration of rights where a party to an agreement is in doubt as to its rights. *See People's Trust Ins. Co. v. Valentin*, 305 So. 3d 324, 327 (Fla. 3d DCA 2020) ("The declaratory judgment act provides that a party in doubt about its rights under a contract or other instrument may seek a judicial declaration.").

Section 624.155, Florida Statutes (Count III). On June 8, 2022, NYM removed[3] the action to this Court based on diversity jurisdiction (28 U.S.C. § 1332). [ECF No. 1]. On June 15, 2022, NYM filed the Motion to Dismiss now before the Court seeking dismissal of Counts I and III of the City's Complaint. [ECF No. 6].

### C.    *The Motion To Dismiss And The Parties' Arguments Related Thereto*

In the Motion to Dismiss, NYM argues that (1) Count I for declaratory judgment is subject to dismissal because it is duplicative of Count II, alleging breach of contract; and (2) Count III (statutory bad faith) is premature and subject to dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Motion at 2. In response, the City contends that the Federal Rules of Civil Procedure permit a plaintiff to plead claims in the alternative and cites precedent from this District in which courts have allowed similar claims for declaratory judgment to proceed in the alternative to breach of contract claims at the motion to dismiss stage. Response at 2–3. As to Count III, the City concedes that there must be a determination of coverage in the City's favor before its claim for statutory bad faith becomes ripe for adjudication but that the Court may nevertheless exercise its discretion and abate Count III rather than dismiss it without prejudice. *Id.* at 3–4.

As set forth above, Plaintiff voluntarily dismissed its breach of contract claim on September 27, 2022, which, in turn, mooted Defendant's Motion to Dismiss as to Count I. Therefore, the Court need only address Defendant's arguments seeking dismissal of Count III.

---

[3] As explained in the Notice of Removal, the parties agree that proper service did not occur until May 20, 2022, and, therefore, NYM timely removed the action within thirty days thereafter and within one year of commencement of the state court action. [ECF No. 1].

## II.     APPLICABLE LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III.    DISCUSSION

NYM argues that the City's bad faith claim in Count III of the Complaint is subject to dismissal as premature. Motion to Dismiss at 2–4. Additionally, NYM avers the proper procedure is to dismiss the premature bad faith claim, rather than abate it, because this Court lacks subject matter jurisdiction to adjudicate unripe claims. *Id.* at 3–4. In response, the City concedes that there must be a determination of coverage in the City's favor before Count III becomes ripe for adjudication but urges the Court to exercise its discretion and abate the statutory bad faith claim in the interest of judicial economy. *Id.*

It is well settled in Florida that a claim for statutory bad faith does not accrue until there has been a determination of liability and damages in the underlying contract claim. *See Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000) ("We continue to hold in accord

with *Blanchard* that bringing a cause of action in court for violation of section 624.155(1)(b)1 is premature until there is a determination of liability and extent of damages owed on the first-party insurance contract." (citing *Blanchard v. State Farm Mut. Auto Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991))); *accord Garcia v. American Sec. Ins. Co.*, No. 21-cv-23640, 2021 WL 5883003, at *6 (S.D. Fla. Dec. 13, 2021) (Bloom, J.) (citing *Blanchard* for proposition that to maintain an action for bad faith, the underlying action for insurance benefits must first be resolved). Premature bad faith claims brought pursuant to Section 624.155 of the Florida Statutes "may be either abated or dismissed at the discretion of the trial court." *Aligned Bayshore Holdings, LLC v. Westchester Surplus Lines Ins. Co.*, No. 18-21692-Civ, 2018 WL 6448632, at *2 (S.D. Fla. Dec. 10, 2018) (Scola, J.) (citing *Laxman v. Safeco Ins. Co. of Ill.*, No. 14-cv-14413, 2015 WL 845582, at *2 (S.D. Fla. Feb. 25, 2015) (Rosenberg, J.)).

As noted above, the parties disagree as to whether the bad faith claim should be abated or dismissed without prejudice.

Article III of the United States Constitution "limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review." *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). As the Eleventh Circuit observed in *Mulhall v. UNITE HERE Local 355*, the ripeness doctrine is one of several justiciability considerations that are at the core of the case or controversy requirement. 618 F.3d 1279, 1291 (11th Cir. 2010). Thus, "[b]ecause a claim that lacks ripeness is not justiciable, the absence of ripeness precludes the exercise of federal jurisdiction." *Cowan v. Provident Life & Accident Ins. Co.*, No. 18-cv-21156, 2018 WL 7577756, at *2 (S.D. Fla. Nov. 27, 2018) (Williams, J.). Therefore, a claim that lacks ripeness should be dismissed for lack of

subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Dermer v. Miami–Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010).

This Court recognizes that some courts in this District have decided that unripe bad faith claims may be abated for reasons of judicial economy. *See, e.g.*, *Southeast Distribs., Inc. v. United Specialty Ins. Co.*, No. 16-24549, 2017 WL 960300, at *4 (S.D. Fla. Mar. 13, 2017) (Simonton, J.) (abating bad faith claim until the underlying breach of contract action is resolved in lieu of dismissal); *Anapolsky v. National Union Fire Ins. Co. of Pittsburgh, PA*, No. 12-21275, 2013 WL 12094319, at *3 (S.D. Fla. Mar. 19, 2013) (Cooke, J.) (same). This Court is also mindful that many of the facts that may be determined in the pending declaratory judgment action will likely overlap with the facts raised in the bad faith claim, and, therefore, there is an argument to be made that holding the secondary claim in abeyance and reactivating that claim if appropriate will preserve judicial resources and serve judicial economy. *See Southeast Distributors*, 2017 WL 960300, at *4. Nevertheless, "such concerns cannot override constitutional commands limiting the jurisdiction of federal courts." *Evedon v. USAA Cas. Ins. Co.*, No. 15-22139, 2016 WL 4083013, at * 2 (S.D. Fla. Jan. 19, 2016) (Lenard, J.) (dismissing without prejudice unripe bad faith claim and noting "courts lack authority to stay [or abate] matters over which they lack subject matter jurisdiction").

Accordingly, this Court finds that the City's premature statutory bad faith claim should be dismissed for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the reasons stated above, it is hereby

ORDERED and ADJUDGED that Defendant, New York Marine and General Insurance Company's, Motion to Dismiss [ECF No. 6] is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant's Motion to Dismiss Count I of the Complaint is **DENIED AS MOOT**; and

2. Defendant's Motion to Dismiss Count III of the Complaint is **GRANTED**, and Count III of the Complaint is **DISMISSED WITHOUT PREJUDICE**.

It is further

ORDERED and ADJUDGED that Defendant shall file its Answer and Affirmative Defenses to Count I of the Complaint on or before **October 14, 2022**.

DONE and ORDERED in Chambers at Miami, Florida this 30th day of September 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record